# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

15.4884

**DIANE MAURIELLO,**

   Plaintiff,

VS.

**GREAT AMERICAN E & S INSURANCE COMPANIES**

   Defendant.

## NOTICE OF REMOVAL

     Comes now the defendant herein, Great American E & S Insurance Company by and through counsel, Michael B. Neal and the law firm of McNabb, Bragorgos & Burgess, PLLC and file this Notice of Removal pursuant to 28 U.S.C. §1332, and 1446. The defendant would show to the Court as follows:

     1.    This matter was filed in the Chancery Court for Campbell County, Tennessee on July 25, 2011 and assigned docket number 11-069.

     2.    The initial Complaint was first served on The Tennessee Department of Commerce & Insurance as agent for service of process of the defendant pursuant to Tennessee Code Annotated §56-2-504 and §56-2-506 on August 3, 2011. Such Complaint was then forwarded to Great American E & S Insurance Company by correspondence dated August 10,

2011 where it was first received by the defendant on or about August 13, 2011. This was the first receipt of the complaint by this defendant, by service or otherwise.

3. The Defendant Great American E & S Insurance Company, (hereinafter "Great American"), incorrectly named herein as Great American E & S Insurance Companies, was organized under the laws of the State of Delaware and maintains its principle place of business in Cincinnati Ohio. The defendant is therefore deemed a citizen of the State of Delaware and of the State of Ohio pursuant to 28 USC §1332(c)(1). The plaintiff is a resident and citizen of the State of New Jersey. (¶1, Plaintiff's Complaint herein.) There is, therefore, complete diversity of citizenship between the plaintiff and the defendant. Pursuant to 28 USC 1332(c)(1) in a direct action against the insurer of a policy of liability insurance, to which the insured is not joined as a defendant, the "insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated." To the extent this action may be deemed an attempted direct action it arises from a claim made by the plaintiff against Villages of Norris Lake, LLC which is alleged by plaintiff to be a limited liability company organized under the law of the State of Georgia and have its principal place of business in Georgia and Land Resource Company (according to ¶3 of Plaintiff's Complaint, or Land Resources Companies, LLC according to ¶7 of the Complaint) which is also alleged by plaintiff to be a limited liability company organized under the law of the State of Georgia and with its principal place of business in Georgia. (See ¶2 Amended Complaint in docket number 3-07-cv-0269, exhibited as Exhibit D to Plaintiff's Complaint herein.) The complaint alleges that these companies are insured by the defendant and seeks coverage or damages under polices of insurance alleged to be applicable to claims by plaintiff against such companies. Land Resource, LLC and Land Resources Companies, LLC were issued certain policies of insurance, which

2

upon information and belief are not applicable to the claims made as alleged herein, but nevertheless Land Resources and possibly Villages of Norris Lake, LLC is alleged by plaintiff also to be an insured of Great American for certain liability coverage. Both Land Resources, LLC (assumed to be the same as Land Resources Company and Land Resources Companies, LLC for purposes of this pleading) and Villages of Norris Lake, LLC were incorporated in the State of Georgia and are citizens thereof for the purposes of 28 USC 1332(c)(1). Upon information and belief Land Resources, LLC and Villages of Norris Lake, LLC have their principal place of business in Georgia. Villages at Norris Lake, LLC may instead have (or have had) its principal place of business in the State of Florida with its place of business at 5323 Millenia Lakes Blvd., Suite 300, Orlando, Florida. Therefore for purposes of diversity of citizenship, pursuant to 28 USC §1332(c)(1), the defendant Great American may also be deemed to be a citizen of the states of Georgia and Florida.

Since the plaintiff is a citizen of the State of New Jersey and the defendant is a citizen of Delaware and Ohio and may be deemed a citizen of Georgia and possibly Florida, as a result of the citizenship of its alleged insureds, the defendant would show to the Court that there is complete diversity of Citizenship between the parties.

4. According to the Complaint the amount in controversy in this action exceeds $75,000.00.

5. Attached as Exhibit 1 to this filing are copies of all the process, pleadings and orders served on the defendants in this action.

3

6. The Complaint alleges that the acts and omissions giving rise to her complaint occurred in Campbell County, Tennessee. (¶3, Plaintiff's Complaint)

7. The defendants have served notice of this filing upon plaintiff's counsel by U. S. Mail postage prepaid and will promptly file a copy of this notice in the Campbell County Chancery Court at Jacksboro, Tennessee.

Respectfully submitted,

**McNABB, BRAGORGOS & BURGESS, PLLC**

/s Michael B. Neal
By: _____
MICHAEL B. NEAL   TN BPR #8410
Attorney for Great American E & S
Insurance Company
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
mneal@mbb-law.com

**CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing Notice of Removal has been served upon the following counsel for the plaintiff by first class mail postage prepaid to:

Arthur F. Knight, III,
Taylor, Fleishman & Knight, G.P.
800 South Gay St. Suite 600
Knoxville, Tennessee 37929

on this the 2nd day of September 2011 and will be served upon him by the Court's ECF filing system upon him if he registered.

s/ Michael B. Neal
_____
MICHAEL B. NEAL

4