

## IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| DIANE MAURIELLO, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-069 |
| GREAT AMERICAN E&S INSURANCE COMPANY | ) |
| Defendant. | ) |

### COMPLAINT

Comes the Plaintiff, Diane Mauriello, by and through counsel, and sues the Defendant, Great American E&S Insurance Company for declaratory relief pursuant to T.C.A. §29-20-101 et seq., and compensatory damages in an amount to be proven at trial, and for her cause of action claims and alleges as follows:

1. The Plaintiff, Diane Mauriello, is a citizen and resident of the state of New Jersey.

2. The Defendant, Great American E&S Insurance Company (hereinafter "Great American" or "Defendant"), is an insurance company doing business in State of Tennessee, is part of, and owned by the Great American Insurance Group. This Defendant may be served with process through the Tennessee Department of Commerce and Insurance. Plaintiff avers this Defendant is subject to personal jurisdiction in the State of Tennessee pursuant to T.C.A. §20-2-214 (a)(4), that Defendant has substantial contacts within this state and its continued transaction of business in this state.

3. Venue is appropriate pursuant to T.C.A. §20-4-101 in that the acts and

1



EXHIBIT 1

omissions alleged herein occurred in Campbell County, Tennessee. On or about the 31st day of May 2005, Plaintiff purchased title to the properties attached as <u>Exhibit A</u> from Villages at Norris Lake, LLC, a Land Resource Company, for One Million Fifteen Thousand Dollars and no/100 ($1,015,000.00). Eight Hundred and Twelve Thousand Dollars and no/100 ($812,000.00) of the purchase price was financed by Branch Banking and Trust ("BB&T") through a line of credit/promissory note, and secured with a Deed of Trust. The promissory note/Deed of Trust are not attached to the Complaint pursuant to Tennessee Rule of Civil Procedure 10 as Plaintiff's claim is not founded upon these written instruments, and the Deed of Trust is a matter of public record. Such documents will be provided to Defendant upon the appearance of counsel.

4. Specifically, Plaintiff purchased the property based upon the express representations by Villages at Norris Lake, LLC and/or Land Resource Company about the development, including, but not limited to, certain amenities such as a clubhouse, marina, dock slips, adequate roads, and other common areas. Villages at Norris Lake personnel agreed to maintain the ability to build multiple dwellings on lots, the ability to build at least three bedroom residential housing on lots, the size of lots, the availability and suitability of a septic system installation, and an environmentally sound soil test and the promise of eventual connection to LaFollette Utilities sewer system.

5. In the late fall 2005, Plaintiff discovered that the survey plat of her lots had been altered. Her lot sizes had been adversely changed, trees and shrubbery on Plaintiff's lots had been leveled, multiple dwellings and multiple bedroom residential housing on Plaintiff's lots were unavailable, certain lots owned by Plaintiff did not percolate sufficiently for septic system, certain lots failed soil tests, most

2

if not all of the promised amenities in common areas were abandoned, and none of the commitments to tie any of Plaintiff's lots into the LaFollette Utilities sewer system were honored.

6. The Plaintiff avers that the aforementioned attributes of the development, and lots she purchased were material to her willingness to execute the land sale transactions.

7. As a result, Plaintiff instituted a lawsuit in the United States District Court for the Eastern District Tennessee at Knoxville style <u>Diane Mauriello v. Villages at Norris Lake, LLC and Land Resource Companies, LLC</u>, United States District Court Case No. 3:07-cv-239 on June 15, 2007. An Amended Complaint was filed September 10, 2007. See attached Exhibit B  Substantial litigation occurred in the federal court lawsuit and the matter was set for trial June 22, 2009. Plaintiff even procured a soil test expert, and a valuation expert confirming that the actions taken by Villages at Norris Lake, LLC and/or Land Resource Companies, LLC officials had grossly devalued the property as represented to Plaintiff. Yet, a suggestion of Bankruptcy was filed November 7, 2008, and the federal court lawsuit was stayed November 12, 2008. Upon information and belief, the Bankruptcy of Villages at Norris Lake, LLC/Land Resource Companies was converted from Chapter 11 into Liquidation. Plaintiff sought and obtained a relief from the automatic stay in order to pursue whether any insurance coverage existed to satisfy her claims. On July 19, 2010 the stay was lifted. After several months, Plaintiff, through counsel, did discover the existence of certain insurance policies in or around January 2011.

8. Plaintiff avers that she, through counsel, utilized a subpoena duces tecum

3

and discovered that Defendant issued to Land Resource Companies, LLC (hereinafter "LRC") in various companies owned by LRC such as Villages at Norris Lake, LLC (hereinafter "Villages") various insurance policies to defend and indemnify these companies from suits such as the one instituted by Plaintiff in federal court.

9. Specifically, Plaintiff avers that Defendants issued LRC and its affiliate companies, including Villages, the following policies. For the policy period from February 24, 2005 to February 24, 2006, Defendant issued policy number TER-592-77-37. For the policy period from February 24, 2006 to February 24, 2007, Defendant issued policy number TER-471-93-70. For the policy period from February 24, 2007 to February 24, 2008, Defendant issued policy number TER-925-65-84 to LRC and its affiliate companies, including Villages.

10. Yet, for whatever reason, Defendant did not defend LRC or Villages in Plaintiff's federal court lawsuit. Instead, LRC and Villages were forced to obtain counsel utilizing their own funds, and substantially litigate the claims by Plaintiff. The litigation ceased only because of the Bankruptcy of these entities. Yet, upon information and belief, the Defendant had a duty to Defend and/or indemnify LRC and Villages on Plaintiff's claim.

11. The Defendant has not fulfilled this obligation, and has played no part in the defense of <u>Diane Mauriello v. Villages at Norris Lake, LLC and Land Resource Companies, LLC</u>, United States District Court Case No. 3:07-cv-239.

12. The Defendant, however, has sustained no prejudice as a result of its failure to participate as LRC and Villages were aptly represented in the federal court litigation by counsel until the bankruptcy occurred. Moreover, because of the

4

bankruptcy's automatic stay, Defendant still has plenty of opportunity to defend and potentially indemnify Plaintiff's claim. In fact, Defendant has greatly benefited from its non-participation as it has not had to expend any funds for attorney fees and/or cost.

13. Plaintiff avers that she is an intended third party beneficiary to the insurance contracts entered into between Defendant and LRC/Villages. Upon information and belief, the insurance contracts were and are legally valid. Further, the Plaintiff avers that the sole reason for entering into the insurance contract was to defend and indemnify LRC/Villages from claims such as the one prosecuted by the Plaintiff in the aforementioned federal court litigation.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Diane Mauriello, demands judgment against the Defendant Great American E&S Insurance Company for declaration that it had a duty to defend and indemnify Land Resource Companies and/or Villages at Norris Lake, LLC for the claims made by Plaintiff in her Amended Complaint in the case styled <u>Diane Mauriello v. Villages at Norris Lake, LLC and Land Resource Companies, LLC</u>, United States District Court Case No. 3:07-cv-239, and for compensatory damages in an amount to be proven at trial, plus the cost of this cause, and further demands a jury to try this cause.

Respectfully submitted this 26th day of May, 2010.

DIANE MAURIELLO

TAYLOR, FLEISHMAN & KNIGHT, G.P.

By: _____
Arthur F. Knight, III (BPR #16178)

800 South Gay Street
Suite 600
Knoxville, TN 37929
(865) 971-1701

## COST BOND

We hereby acknowledge ourselves as surety for the costs, taxes and damages in this cause in accordance with T.C.A. § 20-12-120.

TAYLOR, FLEISHMAN & KNIGHT, G. P.

By: _____

Respectfully submitted,

_____
Arthur F. Knight, III, BPR#016178
Taylor, Fleishman & Knight, G.P.
800 S. Gay Street, Suite 600
Knoxville, Tennessee 37929
(865) 971-1701

6

EXHIBIT "A"

BK/PG:W416/379-380

05004292

2 PGS 1 AL - WARRANTY DEED
RUTH BAYORI 15493
06/16/2005 - 01:00 PM
VALUE                1015000.00
                          0.00
MORTGAGE TAX
TRANSFER TAX          3755.50
RECORDING FEE           10.00
DP FEE                   2.00
REGISTER'S FEE           1.00
TOTAL AMOUNT          3768.50
STATE OF TENNESSEE, CAMPBELL COUNTY

DORMAS MILLER
REGISTER OF DEEDS

This Instrument Prepared By:
Patrick L. White
Attorney At Law
300 Tyler Road
Oak Ridge, TN 37830

# WARRANTY DEED

THIS INDENTURE, made this 31st day of May 2005 by and between VILLAGES AT NORRIS LAKE, LLC. herein referred to as GRANTOR, and DIANE L. MAURIELLO herein referred to as GRANTEE.

## WITNESSETH:

That the GRANTOR, for and in consideration of the sum of One Dollar ($1.00), cash to them in hand paid by the GRANTEE and other valuable considerations not mentioned herein, receipt of which is hereby acknowledged, had granted, sold and conveyed and does hereby grant, sell and convey unto the GRANTEE the following described premises:

SITUATED in the Second Civil District of Campbell County, Tennessee, within the corporate limits of Grantsboro Community and being more particularly described as follows:

BEING designated as Lot 12 containing 0.48 acres, Lot 13 containing 0.45 acres, Lot 39/40 containing 0.71 acres, Lot 41/42 containing 0.67 acres, Lot 67/68W/70 containing 0.88 acres, Lot 190/192/193 containing 0.89 acres, Lot 194/195 containing 0.65 acres, Lot 196/197/198W containing 0.79 acres, Lot 74/198E/200/201 containing 1.25 acres, Lot 204/206/208/209/210W containing 0.79 acres, Lot 210E/211/212W containing 0.61

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIANE MAURIELLO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:07-cv-239 |
| VILLAGES AT NORRIS LAKE, LLC., and LAND RESOURCE COMPANIES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## AMENDED COMPLAINT

Comes the Plaintiff, Diane Mauriello, by and through counsel and sues the Defendants, Villages at Norris Lake, LLC and Land Resource Companies, LLC, for compensatory and punitive damages, attorney fees, the cost of this cause, and for her cause of action claims and alleges as follows:

### I. PARTIES

1. The Plaintiff, Diane Mauriello, is a citizen and resident of the State of New Jersey.

2. The Defendant, Villages at Norris Lake, LLC, is a Limited Liability Company organized under the laws of the State of Georgia with its principal place of business located at 2000 River Edge Parkway, Suite 580, Atlanta, Georgia 30323. Service on this Defendant may be effected through its registered agent, National Registered Agents, Inc., 1900 Church Street, Suite 400, Nashville, Tennessee 37203.

3. The Defendant Land Resource Companies, LLC, is a Limited Liability Company organized under the laws of the State of Georgia with its principal place of

business located at 2000 River Edge Parkway, Suite 580, Atlanta, Georgia 30323. Service on this Defendant may be effected through its registered agent, National Registered Agents, Inc., 1900 Church Street, Suite 400, Nashville, Tennessee 37203.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 in that there is complete diversity between the parties in this cause, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and cost. Plaintiff further avers that venue is appropriate pursuant to 28 U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to Plaintiff's Complaint occurred in this district.

## III. FACTS

5. Defendant Land Resource Companies, LLC is engaged in business in developing and selling real property to the general public. In Campbell County, Tennessee, Defendant Land Resource Companies, LLC is currently developing the Villages at Norris Lake in LaFollette, Tennessee through Defendant Villages at Norris Lake, LLC. The Plaintiff is the owner of forty-one (41) parcels of real property constituting sixteen (16) lots within the Rainbow Richlands Resort area of said development. The Warranty Deed indicating Plaintiff's ownership of said lots are attached as Exhibit A.

6. Plaintiff avers that she is a good faith purchaser of land in the Rainbow Richlands Resort area of the Villages of Norris Lake. Plaintiff bought the various properties based upon Defendants' express representations about the development, including, but not limited to, the amenities such as a clubhouse, marina, dock slips, adequate roads, and

other common areas to be maintained by the Defendants; the ability to build multiple dwellings on the lots Plaintiff's purchased, the ability to build three bedroom residential housing on lots Plaintiff's purchased, the lot size of Plaintiff's lots, the availability and the suitability of septic system installation on Plaintiff's lots, and environmentally sound soil tests and/or the promise of eventual connection to the LaFollette Utilities sewer system on the lots Plaintiff purchased. In reliance on the aforementioned representations, Plaintiff agreed to purchase, executed enforceable contracts for and purchased said lots referenced by Exhibit A.

7. In late fall, 2005, Plaintiff discovered that the survey plat shown to her by the Defendants when she was considering purchasing the aforementioned lots was false, known to be false by the Defendants. Plaintiff avers that she purchased all the lots based upon the fraudulent survey plat and other representations made by the Defendants concerning the attributes of the lots and the development. Plaintiff further avers that she has since discovered and believes that she was shown an inaccurate survey plat because Defendants knew that the lots Plaintiff purchased did not percolate for the building of multiple dwellings and three bedroom homes were incapable of supporting the septic system, and had failed soil tests and the same was known to Defendants because of previous testing done by the Defendants on the lots. Moreover, the promised amenities and common areas have been abandoned or altered to the Plaintiff's detriment, and Defendants have intentionally and/or negligently refused to honor any of its commitments to tie any of Plaintiffs lots in to the LaFollette Utilities sewer system despite the unavailability of a septic system.

8. Plaintiff avers that all of the aforementioned attributes of the development,

3

and lots she purchased were material to her willingness to execute the land sale transactions with the Defendants. Plaintiff avers that Defendants misrepresented the attributes of the lots sold and the amenities of development with knowledge of their falsity at the time of the executed contracts with Plaintiff and in the closing of the properties. Plaintiff reasonably relied on Defendants' misrepresentations and sustained substantial monetary loss as a result.

## IV. CAUSES OF ACTION

### COUNT I.

9. The aforementioned acts and omissions of the Defendants constitute fraud and intentional misrepresentation for which Defendants are liable to Plaintiff for compensatory and punitive damages.

### COUNT II.

10. The aforementioned acts and omissions of the Defendants constitutes trover conversion and/or trespass for which Defendants are liable to Plaintiff for compensatory and punitive damages.

### COUNT III.

11. The aforementioned acts and omissions of the Defendants constitute breach of contract for which Defendants are liable to the Plaintiff for all consequential damages arising from Defendants' breach of contract.

### COUNT IV.

12. Alternatively, Plaintiff avers that the aforementioned acts and omissions constitute negligent misrepresentation for which Defendants are liable to the Plaintiff for

compensatory and punitive damages.

WHEREFORE, premises considered, Plaintiff, Diane Mauriello, demands judgment against Defendants, Villages at Norris Lake, LLC and Land Resource Companies, LLC, in the following manner:

(A)   That the Plaintiff be awarded compensatory damages in an amount to be proven at trial;

(B)   That the Plaintiff be awarded punitive damages in an amount to be proven at trial;

(C)   That the Plaintiff be awarded attorney fees and costs for the real estate contracts executed in this cause;

(D)   That the Plaintiff be awarded her costs, including all discretionary costs;

(E)   That the Plaintiff have such other and general relief to which Plaintiff shows herself entitled;

(F)   Plaintiff demands a jury to try this cause.

Respectfully submitted,

/s/Arthur F. Knight, III
Arthur F. Knight, III, BPR#016178
Becker, Fleishman & Knight, P.C.
Post Office Box 1710
Knoxville, TN 37901-1710
(865) 522-5057

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following parties:

J. Gregory Grisham
Weintraub, Stock & Grisham, P.C.
1715 Aaron Brenner, Suite 512
Memphis Tennessee 38120

on this 13th day of August, 2007.

/s/ Arthur F. Knight, III

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

August 10, 2011

Great American Insurance Company  
49 East Fourth Street, Ste 700 North  
Cincinnati, OH 45202-3803  
NAIC # 16691

Certified Mail  
Return Receipt Requested  
7011 0470 0000 5066 1848  
Cashier # 4555

Re: Diane Mauriello V. Great American Insurance Company

Docket # 11-069

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 3, 2011, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade  
Designated Agent  
Service of Process

Enclosures

cc: Chancery Court Clerk  
    Campbell County  
    P O Box 182  
    Jacksboro, Tn 37757

DEFENDANTS COPY

## IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

DIANE MAURIELLO,

    Plaintiff,

v.      No. 11-069

GREAT AMERICAN E&S INSURANCE COMPANIES

    Defendant.

### SUMMONS

To the above-named Defendant: Great American Insurance Companies
c/o Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

You are hereby summoned and required to serve upon Arthur F. Knight, III, Plaintiffs' attorney, whose address is Taylor, Fleishman & Knight, G.P., 800 South Gay Street, Suite 600, Knoxville, TN 37929, an answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issue and tested this 25th day of July, 2011.

_____
Clerk

_____
Deputy Clerk

## NOTICE

To the Defendant:   Great American Insurance Companies
c/o Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server:   Great American Insurance Companies
c/o Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

## RETURN

I received this summons on the _____ day of _____, 2011.

I hereby certify and return that on the _____ day of _____, 2011, I:

[ ]   served this Summons and Complaint on Defendant **Great American Insurance Companies**, in the following manner:

_____
_____
_____

[ ]   failed to serve this Summons within 30 days after its issuance because:

_____
_____
_____

_____
PROCESS SERVER

2

Case 3:11-cv-00432-HBG   Document 1-1   Filed 09/02/11   Page 16 of 16   PageID #: 20