UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIANE MAURIELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-432 |
| ) | (GUYTON) |
| V. ) | |
| ) | |
| GREAT AMERICAN E&S INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 27]. Now before the Court is the Motion for Summary Judgment, [Doc. 6], filed by Defendant Great American E&S Insurance Company. The Motion for Summary Judgment is fully briefed and ripe for adjudication. For the reasons stated herein, the Motion for Summary Judgment will be **GRANTED**.

### I. BACKGROUND

On or about May 31, 2005, the Plaintiff purchased real property from Villages at Norris Lake, LLC, ("Villages") which was a subsidiary or affiliate of Land Resource Company. Plaintiff alleges that she purchased the property based upon express representations by the Villages. [Doc. 1-1]. Specifically, she alleges that the Villages, and/or Land Resource Company, represented that certain amenities such as a clubhouse, marina, dock slips, adequate roads, and other common areas would be completed. In addition, Plaintiff alleges that the

Villages represented that: Plaintiff would be able to build at least three-bedroom residential housing on the lots; the lots were suitable for septic tank installation; and the lots would eventually have the option of connecting to the LaFollette Utilities sewer system. In this action, Plaintiff alleges that these representations were false or left unfulfilled by the Villages.

Plaintiff acknowledges that on June 15, 2007, she filed a case in this Court styled: <u>Diane Mauriello v. Villages at Norris Lake, LLC and Land Resource Companies, LLC,</u> Case No. 3:07-CV-239. Plaintiff submits, and Court records confirm, that a Suggestion of Bankruptcy was filed in this suit on November 7, 2008, and the case was stayed on November 12, 2008. On March 3, 2010, Plaintiff filed a Motion for Relief from Automatic Stay, stating that the United States Bankruptcy Court for the Middle District of Florida had granted relief from the automatic stay. The stay in the case was lifted, and on March 8, 2011, the case was dismissed based upon the Plaintiff's voluntary non-suit.

Plaintiff alleges that Defendant Great American E&S Insurance Company issued Land Resources Companies and its affiliates, including the Villages, a policy of insurance to defend and indemnify actions such as the action filed by Plaintiff in 2007. Plaintiff submits that the policy dated from February 24, 2005, with extensions through February 24, 2008. The policy and its extensions were assigned policy numbers TER-592-77-37, TER-471-93-70, and TER-925-65-84.

On May 26, 2010, the Plaintiff filed the instant suit against Defendant, the alleged insurer of the Villages and/or Land Resource Companies. [Doc. 1-1]. The case was removed to this Court on September 2011.

In 2012, Great American filed its Motion for Summary Judgment [Doc. 6], to which the Plaintiff responded in opposition [Doc. 33]. Defendant made a final reply in support of its

position on December 14, 2012, [Doc. 34], and the Court finds that the Motion for Summary Judgment is now ripe for disposition.

## II.  POSITIONS OF THE PARTIES

The Defendant argues that there is no material issue of fact in dispute in this case and Defendant is entitled to judgment as a matter of law.  In support of this position, Defendant maintains that Plaintiff is not an insured under the policy issued by the Defendant, and the case law of Tennessee does not allow a direct action by a person not insured under a policy. [Doc. 7 at 4-9].  Defendant argues that, even if Plaintiff could bring a direct action, there is no coverage under the policy because the claims were not reported.  [Id. at 11-16].  In addition, Defendant argues that any coverage would only extend to damages that the insured is obligated to pay, and in this case, the insured was never obligated to pay damages because Plaintiff did not obtain a judgment in her favor in her previous suit.  [Id. at 17-18].

The Plaintiff responds that public policy supports allowing the Plaintiff to maintain an action against the Defendant.  [Doc. 32 at 2-3].  Plaintiff maintains that genuine issues of material fact exist as to whether the Defendant had notice of Plaintiff's claim against the insured. [Id. at 4].  Plaintiff maintains that notice of the claim was given in a renewal application submitted on December 17, 2007.  [Id.].

Defendant replies that Plaintiff has not cited any legal principle which supports her position, nor has Plaintiff countered the authority relied upon by the Defendant.  [Doc. 34 at 1]. Defendant argues that the facts do not support the theory advocated by the Plaintiff.  Even if the note in the renewal application was notice, Defendant maintains that the reporting period for any claim related to the dispute between the Plaintiff and the Villages had long expired by December

2007. [Id. at 5]. Defendant contends that it was also denied the opportunity to defend the initial case brought against the insured. [Id. at 9-10].

### III. STANDARD OF REVIEW

The standard for granting summary judgment is familiar to the Court and the parties. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

"In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). However, "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to defeat a motion for summary judgment; there must be evidence on which the jury could reasonably find for the non-moving party." Moldowan v. City of Warren, 578 F.3d 351, 374 (6th Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The burden of establishing there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986).

### IV. ANALYSIS

As an initial matter, the Court finds that this case is before the Court based upon diversity jurisdiction under 28 U.S.C. § 1332. [See Doc. 1]. Accordingly, the substantive law of the State

of Tennessee guides disposition of the claims before the Court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

The Plaintiff does not specifically identify her claim in her Complaint [Doc. 1-1 at 1-6]. Instead, she states:

> Plaintiff avers that she is an intended third party beneficiary to the insurance contracts entered into between Defendant and LRC/Villages. Upon information and belief, the insurance contracts were and are legally valid. Further, the Plaintiff avers that the sole reason for entering into the insurance contract was to defend and indemnify LRC/Villages from claims such as the one prosecuted by the Plaintiff in the aforementioned federal court litigation.

[Doc. 1-1 at ¶ 13]. Plaintiff alleges that "Defendant has not fulfilled this obligation, and has played no part in the defense of Diane Mauriello v. Villages at Norris Lake, LLC and Land Resource Companies, LLC, United States District Court Case No. 3:07-cv-239." [Doc. 1-1 at ¶ 11]. It appears from the Complaint that the Plaintiff intended to plead a claim for breach of a contract to which she alleges she was a third-party beneficiary.

Tennessee recognizes two categories of third-party beneficiaries: intended and incidental. Only the former may pursue an action to enforce a contract. As the Tennessee Court of Appeals in First Tenn. Bank Nat'l Ass'n v. Thoroughbred Motor Cars, Inc., 932 S.W.2d 928 (Tenn. App., 1996), explained:

> Only if a party is an intended beneficiary may it maintain an action to enforce the contract. Moore Construction Co. v. Clarksville Department of Electricity, 707 S.W.2d 1, 9 (Tenn. App. 1985). In order to establish that plaintiff is an intended beneficiary to the sales agreement in this case, it must establish (1) a valid contract made upon sufficient consideration between the principal parties and (2) the clear intent to have the contract operate for the benefit of a third party. United American Bank of Memphis v. Gardner, 706 S.W.2d 639, 641 (Tenn. App.1985). Intent to benefit may be shown if "there is either an expression in the contract that the contracting parties intended to benefit the third party (the 'intent to

> benefit' test) or proof that the promisor's performance would otherwise discharge a duty owed to a third party beneficiary by the promisee (the 'duty owed' test)." Moore Construction, 707 S.W.2d at 9 (citing Restatement (Second) of Contracts § 302 (1979)).

Id. at 930.

In Ferguson v. Nationwide Property & Cas. Ins. Co., 218 S.W.3d 42, 58 (Tenn. Ct. App. 2006), the Tennessee Court of Appeals applied this standard to facts similar to those presented in the instant case. In Ferguson, the plaintiff was employed as an apartment manager by Edwin B. Raskin Company. Id. at 46. As a condition of employment she resided at an apartment property and operated the apartment business office out of her dwelling. Id. A fire broke out in her apartment, and plaintiff eventually filed suit attempting to recover from Nationwide on a policy issued to the apartment complex. Id. at 47.

In Ferguson, the Court of Appeals upheld the lower court's decision to grant summary judgment in favor of the insurer Nationwide. Id. at 59. The court found that the Plaintiff had not established that Nationwide was obligated "to pay anything to anyone on behalf of its insured" for any losses under the policy. Id. at 58. The court explained, "[Plaintiff] by her own assertion before the court is not 'an insured' but in fact a stranger to the contract of insurance, she would at most be a remote 'incidental beneficiary' and not an 'intended beneficiary' of the insurance contract." Id. The court in Ferguson concluded that plaintiff could not recover under the insurance policy extended by Nationwide to the apartment complex and its management company. Id. at 59.

The Court finds that the same result is appropriate here. Plaintiff has not directed the Court to any case law that supports finding that the Plaintiff is an intended third-party beneficiary of the insurance contract between the Defendant and the Villages and/or Land Resource Companies, and all of the cases presented to the Court support the conclusion that the

Plaintiff is not an intended third-party beneficiary to the insurance contract. The Court finds that the Defendant is entitled to judgment in its favor as a matter of law on this basis alone.

Moreover, even if Plaintiff were considered an intended third-party beneficiary to the contract between the Defendant and its insured, the rights of a third-party beneficiary do not exceed the rights of the original party to the contract. See Rentenbach Constructors, Inc. v. Bowen, 2000 WL 1690286 (Tenn. Ct. App. Nov. 13, 2000) ("A third party beneficiary's rights under a contract are derived from and measured by the underlying contract between the original promisor and promisee.")

A judgment was never obtained by Plaintiff against the entities insured by the Defendant. The Plaintiff does not dispute that a judgment was never obtained. See Doc. 33 at 7. The policy issued by the Defendant only covered claims that the insured became "legally obligated to pay as damages." Thus, without a judgment or other legal obligation, the insured could not recover any payment from the Defendant under the policy. Therefore, absent a judgment or legal obligation, the Plaintiff would be similarly precluded from recovering from the Defendant, because even if she were to be considered an intended third-party beneficiary, her rights cannot exceed the rights of the insured.

The parties dispute whether the Defendant received appropriate notice of the Plaintiff's 2007 suit against the Villages and Land Resources. The Court finds that this disputed issue is not material to the case. The Plaintiff is precluded from recovering in the instant action based upon the foregoing analysis regardless of whether the Defendant received notice of the suit. Accordingly, it is not appropriate for the Court to rule on whether the notice provided was sufficient.

## V.    CONCLUSION

In sum, the Court finds that there is no genuine issue of material fact remaining in this case, and the Court further finds that the Defendant is entitled to judgment as a matter of law on all claims presented by the Plaintiff.  The Court finds that the Motion for Summary Judgment **[Doc. 6]** is well-taken, and it is **GRANTED**.  A judgment of dismissal shall enter.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge